1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9    SHERRI LAWRENCE,

10            Plaintiff,                    No. CIV S-06-0275 GGH

11        vs.

12
     MICHAEL J. ASTRUE,[1]
13   Commissioner of Social
     Security,
14                                            ORDER
            Defendant.
15   _____/

16            Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17   Security ("Commissioner") denying plaintiff's application for Supplemental Security Income

18   ("SSI") under Title XVI of the Social Security Act ("Act").

19            For the reasons that follow, plaintiff's Motion for Judgment on the Pleadings is

20   granted in part, the Commissioner's Cross Motion for Summary Judgment is denied, and this

21   matter is remanded to the ALJ for further findings as directed in this opinion.  The Clerk is

22   directed to enter judgment for the plaintiff.

23   \\\\\

24   _____

25        [1]  Michael J. Astrue became Commissioner on February 12, 2007.  Accordingly, he
     should be substituted as defendant in this suit.  Fed. R. Civ. P. 25(d)(1).  No further action need
26   be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §
     405(g).

                                                1

BACKGROUND

Plaintiff, born November 11, 1959, applied for disability benefits on July 8, 2003. (Tr. at 48.)  Plaintiff alleged she was unable to work since June 18, 2003, due to chronic asthma, depression, foot problems, and high blood pressure.  (Tr. at 13, 53.)  In a decision dated March 15, 2005, ALJ Antonio Acevedo-Torres determined that plaintiff was not disabled.[2]  The ALJ made the following findings:

1.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2.   The claimant's asthma and substance induced mood disorder are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).

3.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix

---

[2]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1    1, Subpart P, Regulation No. 4.

2    4.    The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set
3          forth in the body of the decision.

4    5.    The claimant has the following residual functional capacity: lift 20 pounds occasionally and 10 pounds frequently,
5          walk/stand six hours, sit six hours, avoid concentrated exposure to pulmonary irritants, and mentally perform
6          simple routine tasks.  She has no postural, manipulative, visual, communicative, or other mental or environmental
7          limitations.

8    6.    The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).
9

     7.    The claimant is a "younger individual between the ages of
10         45 and 49" (20 CFR § 416.963).

11   8.    The claimant has a "high school (or high school equivalent) education" (20 CFR § 416.964).
12

     9.    The claimant has no transferable skills from any past
13         relevant work and/or transferability of skills is not an issue in this case (20 CFR § 416.968).
14

     10.   The claimant has the residual functional capacity to
15         perform substantially all of the full range of light work (20 CFR § 416.967).
16

     11.   Based on an exertional capacity for light work, and the
17         claimant's age, education, and work experience, Medical-Vocational Rules 202.21 and 202.22, Appendix 2, Subpart
18         P. Regulations No. 4 would direct a conclusion of "not disabled."
19

     12.   The claimant's capacity for light work is substantially intact
20         and has not been compromised by any nonexertional limitations.  Accordingly, using the above-cited rule(s) as a
21         framework for decision-making, the claimant is not disabled.
22

     13.   The claimant was not under a "disability," as defined in the
23         Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).
24

25   (Tr. at 23-24.)

26   \\\\\

3

1  ISSUES PRESENTED

2         Plaintiff has raised the following issues: (A) Whether Plaintiff's Asthma Meets

3  Section 3.03 of the Medical Listings; and (B) Whether the ALJ's Credibility Analysis was

4  Flawed.

5  LEGAL STANDARDS

6         The court reviews the Commissioner's decision to determine whether (1) it is

7  based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

8  the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

9  Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v.

10 Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might

11 accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct.

12 1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206

13 (1938).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

14 testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

15 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

16 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17 Thomas v. Barnhart, 278  F.3d 947, 954 (9th Cir. 2002).

18 ANALYSIS

19        A review of the record and the briefing brings to light two errors not raised by the

20 parties.  As a result, plaintiff's assertions of error will not be reached as remand is necessary to

21 correct the record.  First, the ALJ made a specific finding that plaintiff had severe impairments of

22 asthma and substance induced mood disorder.  (Tr. at 23.)  This second impairment was

23 diagnosed by Dr. Jones on December 6, 2003.  (Id. at 167, 171.)  According to the DSM-IV,

24 substance induced mood disorder is only expected to last one month after "substance intoxication

25 or withdrawal."  Diagnostic and Statistical Manual of Mental Disorders 374 (4th ed.1994)

26 ("DSM IV").  In fact, one of the criteria for this disorder is:

4

C.  The disturbance is not better accounted for by a Mood Disorder that is not substance induced.  Evidence that the symptoms are better accounted for by a Mood Disorder that is not substance induced might include the following: the symptoms precede the onset of the substance use (or medication use); the symptoms persist for a substantial period of time (e.g., about a month) after the cessation of acute withdrawal or severe intoxication or are substantially in excess of what would be expected given the type or amount of the substance used or the duration of use; or there is other evidence that suggests the existence of an independent non-substance-induced Mood Disorder (e.g., a history of recurrent Major Depressive Episodes).

Id.

Either the disorder is one that could not possibly be expected to endure for twelve continuous months, 20 C.F.R. § 416.905(a), and therefore was incorrectly found to be a severe impairment, or if lasting a longer duration, raises the question of whether plaintiff suffered from ongoing or repeated alcohol and drug use, such that it should have been a factor in the ALJ's analysis.  See Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001).  No matter which interpretation was considered by the ALJ in finding this disorder to be a severe impairment, the ALJ erred.

Aside from the potential error in finding substance induced mood disorder to be a severe impairment if it was only a temporary condition, the more important issue is the ALJ's failure to properly analyze plaintiff's drug and alcohol use.  There is significant evidence of alcohol and cocaine use in the record, requiring the case to be remanded to the ALJ to perform an appropriate analysis of whether plaintiff's addiction is a contributing factor material to disability pursuant to 42 U.S.C. § 423(d)(2)(C).  See Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001).

Although plaintiff testified that she had been clean and sober for 115 days prior to the hearing, (id. at 573), the record is replete with questions as to whether plaintiff is stable enough to maintain this sobriety.  For example, plaintiff further testified that she graduated from classes for dependence, and had been at the "chemical dependency for women, and I am on the

5

1    waiting list to go into residential [recovery program]." (<u>Id.</u>)  This testimony implies that plaintiff

2    continues to have current problems with dependence, and it is not behind her.  It appears that

3    plaintiff was treated for substance and alcohol abuse since 2002.  (<u>Id.</u> at 106) ("substance abuse",

4    (<u>id.</u> at 110) ("prob w/ addiction"), (<u>id.</u> at 115) ("pt is currently in a drug rehab program"), (<u>id.</u> at

5    149) ("smoked crack on Friday night," by report on September 28, 2003).  In a December 6, 2003

6    evaluation report by Dr. Jones, he noted plaintiff's report that she had been sober for 35 days.

7    (<u>Id.</u> at 169.)  Her next longest period of sobriety had been from 2000 to 2002.  (<u>Id.</u>)  He

8    diagnosed substance induced mood disorder and polysubstance dependence (in remission), and

9    noted that plaintiff "provides a significant history of recent polysubstance abuse." (<u>Id.</u> at 171.)

10   Dr. Jones opined that plaintiff's prognosis was positive due to the fact that she was currently in a

11   highly structured residential program, was clean and sober, and was in the process of arranging

12   mental health evaluation and hopefully treatment.  (<u>Id.</u> at 171-72.)

13             What is more telling is that plaintiff concedes in her reply brief that: "[d]uring the

14   period in question she did continue to smoke and use crack cocaine on and off."  Pl.'s Reply at

15   2:15.  On the subject of defendant's claim that plaintiff failed to follow prescribed treatment by

16   failing to quit smoking and substance use, plaintiff adds that even if smoking and drug use are

17   ceased, and she does not concede that cessation is considered prescribed treatment, it is not

18   "clearly expected" to restore plaintiff's ability to work.  <u>Id.</u> at 3:1-5.  She actually concedes

19   current usage by stating, "[c]easing to use these substances would hopefully improve her

20   condition, but it is by no means clear that she would then be able to return to work."  <u>Id.</u>

21             The ALJ refers to plaintiff's past substance abuse, but summarily states that "she

22   has been clean and sober for 115 days."  (<u>Id.</u> at 18.)  He failed to analyze the issue under

23   <u>Bustamante</u> where the record clearly required it.

24             Both alleged impairments have a connection with drug usage.  The substance

25   abuse disorder connection is obvious.  Even with the asthma impairment, the Commissioner

26   contends a causal connection between the drug usage and plaintiff's asthma, i.e., because

1   plaintiff used drugs she violated her asthma treatment regime.  The clear implication from this

2   argument, whether scientifically valid or not, is that if plaintiff had not violated her treatment

3   regime by using drugs, she would not be subject to asthma attacks, or their severity would be

4   much diminished.

5           The law precludes benefits for disability where substance abuse is a material

6   contributing factor.  Contract with America Advancement Act, Pub.L. No. 104-121, 110 Stat.

7   847 (March 29, 1996), ( providing that an "individual shall not be considered to be disabled for

8   purposes of [benefits under Title II or XVI of the Act] if alcoholism or drug addiction would (but

9   for this subparagraph) be a contributing factor material to the Commissioner's determination that

10  the individual is disabled."); 42 U.S.C. §§ 423(d)(2)(C), 382c(a)(3)(J); see also Sousa v.

11  Callahan, 143 F.3d 1240, 1242 (9th Cir.1998).

12          The Ninth Circuit has clarified the procedure to be used in determining whether

13  alcoholism or drug addiction is a contributing factor material to disability.  Bustamante v.

14  Massanari, 262 F.3d 949 (9th Cir. 2001); see 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§

15  404.1535(a), 416.935(a).  In Bustamante, the ALJ determined at step two of the disability

16  evaluation that, absent substance abuse, Bustamante did not have a "severe" impairment.  The

17  circuit reversed, making clear that the ALJ should first determine pursuant to the five step

18  inquiry, whether, including drug addiction or alcoholism, an applicant is disabled.  Bustamante,

19  262 F. 3d at 953-55.  Only after finding an applicant disabled, does the ALJ determine whether

20  the applicant would still be disabled if he or she stopped using drugs or alcohol.  Id. at 954.

21  Bustamante remanded, "with instructions that the ALJ proceed with step three (and four and five,

22  if necessary) of the disability determination without attempting to separate out the impact of

23  Bustamante's alcohol abuse."  Id. at 956.

24          Although Bustamante did not address the question, applying Bustamante through

25  the steps of the disability analysis appears to require the ALJ to engage in a ping pong analysis,

26  \\\\\

7

1    factoring substance abuse into the equation and then taking it out at each step.[3]  Apparently,

2    pursuant to Bustamante, in a substance abuse case an ALJ may need to consider each of steps 3,

3    4, and 5 twice – first with substance abuse factored in and then, if a finding of disability results,

4    with it taken out.[4]  The Commissioner will need to reassess plaintiff's case, and if necessary,

5    resubmit the question to a medical professional consistent with the proper analytical model.

6              This brings the court to the final issue – why raise this matter of preclusion of

7    benefits because of drug usage when the parties have not raised it, and fairly obviously,

8    purposefully not raised it.  The Commissioner is desirous of simply getting a favorable decision

9    affirmed – so why directly raise an issue which requires a remand.  Plaintiff, quite clearly, would

10   not want to raise an issue which could very well spell the end of her disability application.

11   However, where Congress has clearly spoken of its intent in this area, and mandated a preclusion

12   of disability benefits if a disabling impairment bears a connection with drug usage, the parties

13   should not be asking the court, in effect, to ignore this mandate.  There is no legitimate way the

14   undersigned can adjudicate this case in the face of a controlling statute which the parties desire

15   not to exist.

16   CONCLUSION

17             Accordingly, the court finds the ALJ's assessment is not fully supported by

18   substantial evidence in the record or based on the proper legal standards.  IT IS HEREBY

19   —————————————————

20        [3]  A simpler approach to the problem is the one rejected in Bustamante.  If a medical
     determination of the severity of disability, absent substance abuse, is made at step two of the
     disability equation, repeating the analysis at each step of the equation is unnecessary.  The court,
21   however, is bound by Bustamante.

22        [4]  For example, if a determination at step three that a listed impairment is met changes
     when substance abuse is factored out, the ALJ apparently is to continue to the fourth step, factor
23   the substance abuse back in, and ask whether the claimant can do his past work.  In severe
     substance abuse cases, the answer at step four often will be that the applicant can't do his past
24   work, in which case the ALJ next considers whether, absent substance abuse, the equation
     changes.  If the inquiry continues to the fifth step, the question is whether, including the
25   substance abuse, there is any other work in the national economy the applicant can do.  Assuming
     severe substance abuse, the answer again likely is to be that the applicant can't do any other
26   work.  However, the ALJ must again consider the final step, absent the substance abuse.

1   ORDERED that:  Plaintiff's Motion for Judgment on the Pleadings is granted in part, the

2   Commissioner's Cross Motion for Summary Judgment is denied, and the Clerk is directed to

3   enter judgment for the plaintiff.  This case is remanded for further findings pursuant to sentence

4   four of 42 U.S.C. § 405(g).

5   DATED: 8/22/07                                      /s/ Gregory G. Hollows

6                                                       _____
                                                        GREGORY G. HOLLOWS
                                                        U.S. MAGISTRATE JUDGE
7   GGH/076
    Lawrence0275.ss.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26